ROBERT L. MADSEN AND NANCY A. MADSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Madsen v. Commissioner
Docket No. 11109-87
United States Tax Court
T.C. Memo 1989-431; 1989 Tax Ct. Memo LEXIS 429; 57 T.C.M. (CCH) 1307; T.C.M. (RIA) 89431; August 15, 1989
Robert L. and Nancy A. Madsen, pro sese. Michael J. Calabrese, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Section
Section
Deficiency
6653(a)(1) [1]
6653(a)(2)
1982
$ 4,242
$ 212 *  1983
2,354
118 ** 1984
1,729
86 ***
*430 At trial the parties agreed that petitioners were entitled to deduct $ 2,000 in 1982 pursuant to section 165(g) for the worthlessness of their stock in Madsen Leisure Enterprises, Inc. ("MLE"). After concessions the issues we must decide are (1) whether petitioners are entitled to deduct a casualty loss attributable to the destruction by fire of buildings owned by MLE, their wholly owned subchapter S corporation, (2) whether petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(1) for each year in issue, and (3) whether petitioners are liable for additions to tax for negligence on the entire underpayment in each year pursuant to section 6653(a)(2). FINDINGS OF FACT Some of the facts in this case have been stipulated and are so found. Petitioners were husband and wife during the years in issue and resided in Cushing, Wisconsin when the petition was filed. On June 25, 1979, petitioners signed a contract for the purchase of 2.48 acres of improved real estate in Burnett County, Wisconsin. The purchase included all personal property, furniture, fixtures, equipment and inventory of a tavern situated on the 2.48 acres. On July 17, 1979, petitioners *431 assigned the contract to a subchapter S corporation formed by petitioners to own and operate the Pit Stop Bar & Grill ("Pit Stop"). Petitioners each separately owned 50 percent of the outstanding shares of MLE. In June 1982 a fire destroyed Pit Stop damaging a large portion of its premises and contents. Although Robert Madsen intentionally set the fire, Nancy Madsen did not have any prior knowledge or control of the fire. As a result of the fire, MLE sustained damages of $ 32,235.21 to its building and of $ 12,791.23 to the contents of the building. Pit Stop was insured by an insurance policy underwritten by Threshermen's Mutual Insurance Company ("Threshermen's"). Threshermen's issued the policy to MLE Inc. & Robert & Nancy Madsen, d/b/a Pit Stop Bar & Grill. Petitioners and MLE filed a claim with Threshermen's for fire damage to the premises and contents of Pit Stop. Threshermen's denied this claim. Petitioners, individually and d/b/a Pit Stop, and MLE brought an action against Threshermen's in Burnett County Circuit Court seeking reimbursement for losses suffered in the fire. On May 9, 1988, the Circuit Court entered judgment on cross-motions for summary judgment after *432 the jury verdict. The jury had found that Threshermen's had acted in willful disregard of plaintiffs' rights and that Nancy Madsen had no knowledge or control over the setting of the fire. The court denied her motion for judgment. Nancy Madsen has appealed the court's judgment seeking recovery from Threshermen's for one-half of the jury-determined damages from the fire. On its Federal income tax returns for the years ended September 30, 1982 and September 30, 1983, MLE deducted a casualty loss of $ 77,101.45 caused by the fire. On each of their 1982, 1983 and 1984 joint Federal income tax returns petitioners deducted a loss of $ 14,708.81. Respondent disallowed the casualty loss attributable to the fire on the grounds that (1) petitioners were responsible for the fire and (2) petitioners and MLE had a claim for reimbursement pending against Threshermen's. On their 1982, 1983 and 1984 Federal income tax returns, petitioners deducted interest incurred on the purchase of their automobile as both an automobile expense and as an itemized deduction. Although petitioners concede the incorrectness of this double deduction, respondent seeks additions to tax for negligence attributable *433 to this error. OPINION A casualty loss is deductible for losses due to fire in the taxable year they are sustained and not compensated for by insurance or otherwise. Section 165(a) and (c)(3). If public policy would be frustrated by permitting the deduction, such as for a casualty loss attributable to arson, the loss is not deductible. Blackman v. Commissioner, 88 T.C. 677 (1987), affd. without published opinion 867 F.2d 605 (1st Cir. 1988). Because he intentionally caused the destruction of Pit Stop, no portion of the casualty loss may be deducted by Robert Madsen. Petitioners do not dispute this proposition. Petitioners contend, however, that Nancy Madsen is entitled to deduct her proportionate share of MLE's casualty loss because she was an innocent party to the burning of Pit Stop. Accordingly, petitioners argue that $ 22,513.22 (50 percent of the damage caused by the fire) of MLE's casualty loss should be passed through to Nancy Madsen. Petitioners do not contest the fact that Nancy Madsen continues to seek recovery from Threshermen's for her portion of MLE's damages from the fire. Her position on appeal is grounded on Hedtcke v. Sentry Insurance Co., 109 Wis. 2d 461, 326 N.W. 2d 727 (1982), *434 in which an insured sued to recover on an insurance policy for the destruction of her house by a fire intentionally set by her husband, a coinsured. The Supreme Court of Wisconsin held that an innocent insured is not barred from recovering pursuant to a fire insurance policy despite the damage being intentionally caused by a coinsured. The Court, in overruling precedent, held that the relevant inquiry in such a case is whether the obligations of the insurer under the fire insurance policy would be considered "several" as to each person insured. Consequently, if the obligations of the insurer are several, Wisconsin law permits an innocent insured to recover despite the intentional actions of a coinsured. Petitioners make no argument as to Nancy Madsen's prospect of recovery in this suit. While the policy does not articulate whether Threshermen's obligations are several, if the Supreme Court of Wisconsin construed the contract against the drafter, Nancy Madsen would appear to have a sound basis for ultimate recovery. Section 1.165-1(d)(2)(i), Income Tax Regs., provides as follows: If a casualty or other event occurs which may result in a loss and, in the year of such casualty or *435 event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Because Nancy Madsen and MLE still pursue recovery from their insurance company and because we conclude that Nancy Madsen has a reasonable prospect of recovery, we hold that petitioners may not deduct a casualty loss in 1982, 1983, or 1984. The next issue we must address is whether petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(1) because petitioners deducted, in each of the years in issue, interest expense incurred on the purchase of their automobile. Petitioners bear the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners concede the incorrectness of the double deduction, but offer no reasonable explanation for it. Consequently, we hold that petitioners' double deduction of interest on their automobile was negligent. Therefore, petitioners are liable for *436 the addition to tax pursuant to section 6653(a)(1). Finally, we must decide whether petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(2) on the entire underpayment for each year. With respect to the casualty loss, we have already held that such a deduction is not permitted as inconsistent with public policy. Blackman v. Commissioner, supra. Furthermore, reimbursement for one-half of that loss is still being pursued by Nancy Madsen, and, therefore, no loss deduction is allowable for the years in issue. Nevertheless, petitioners have no understanding of the technicalities of the tax law. The fire took place and the damage was extensive. Based on petitioners' testimony and lack of knowledge of the tax law, we do not believe petitioners willfully ignored the law or were negligent in deducting their casualty loss. Consequently, we hold petitioners are not liable for the addition to tax pursuant to section 6653(a)(2) on the portion of the deficiency attributable to the fire loss deduction. As to the balance of the underpayment for each year, we have already held that petitioners were negligent for their double deduction of interest, *437 and they offered no proof on any other matter pertaining to their liability under section 6653(a)(2). Consequently, petitioners are liable in each year for the addition to tax for negligence pursuant to section 6653(a)(2) on the portion of the underpayment attributable to any matter other than their casualty loss deduction. Decision will be entered pursuant to Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue, unless otherwise indicated. * 50% of the interest due on $ 4,242 ** 50% of the interest due on $ 2,354 *** 50% of the interest due on $ 1,729↩